Isabella Hamby, one of the defendants, being entitled to a dower in a tract of 50 acres of land, in consideration of $112.50, executed a bond to William Melton by which she bound herself to convey her interest and to procure her two infant children, who owned the land subject to her dower, to convey their estate to the said Melton, so as to vest in him the fee simple, as soon as they arrived at full age, provided the purchase money was paid.
In 1840 William Melton, having paid a part of the purchase money, assigned his interest in the contract to the plaintiff, who undertook to pay the balance. In 1843 Isabella, having obtained judgment against William Melton for the balance of the purchase money, the execution was levied upon said Melton's interest in the land. The land was sold by the sheriff and the defendant Davidson became the purchaser. Davidson afterwards procured the said Isabella and Jane Hamby, one of the children, who had arrived at full age, to execute to him a deed for the land. The other child, Nancy, had moved from the State many (195) years ago, and was supposed to be dead intestate and without children.
The bill alleges that Davidson, at the time of the sheriff's sale, and at the time he took the conveyance from the said Isabella and Jane, had notice of the sheriff's right. *Page 147 
The prayer is for a conveyance and for an account of the profits since Davidson had been in possession. The defendant William Melton admits the allegations of the bill. The defendants Isabella and Jane Hamby also admit the allegations of the bill, and Jane Hamby avers that she is willing to ratify the contract made by her mother, and believing that Davidson, by his purchase at the sheriff's sale, had acquired the title, she joined with her mother in the deed to Davidson, upon his executing a bond to save them harmless.
The defendant Davidson does not admit that he had notice of the sheriff's right at the time of the sheriff's sale or at the time he took the deed from Isabella and Jane Hamby; but he avers that if William Melton had assigned his interest in the contract to the plaintiff, who is his son, it was done to defraud his creditors. He also avers that, to get possession, he was under the necessity of bringing an action of ejectment against William Hamby, and insists that if the plaintiff is allowed to redeem by paying the balance of the purchase money, he should be required to pay the costs of the action of ejectment, as William Hamby is insolvent.
The defendant Davidson acquired nothing by his (196) purchase at the sheriff's sale, for William Melton had no interest subject to execution; he had paid only a part of the purchase money and had a mixed trust and not a pure trust, such as could be sold, nor can his interest be considered as an equity of redemption in any sense of the term. If it could be, an equity of redemption cannot be sold for the mortgage debt. Camp v. Cox, 21 N.C. 52. It is true that Davidson did acquire the legal title by the deed from Isabella and Jane Hamby, but he took the deed with full notice of the right of the plaintiff, and in fact gave a bond of indemnity against that right, in order to get the deed. He therefore took the legal title subject to the plaintiff's equity, and the plaintiff must have a decree for a conveyance of the land upon payment of the balance of the purchase money, with interest. The plaintiff is also entitled to the profits while the land has been in the possession of the defendant Davidson, as to which there must be a reference. The costs of the judgment at law for the balance of the purchase money, also the costs of this suit, must be paid by the plaintiff. The tender of the balance of the purchase money is not so alleged in the bill and sustained by the proofs as to relieve the plaintiff from the general rule that the fund to be redeemed must pay the costs. *Page 148 
The plaintiff is not liable for the costs incurred in the action of ejectment against William Melton by the defendant Davidson. Davidson had the legal title, but he knew that the equitable title was in the plaintiff.
PER CURIAM. Decreed accordingly.
(197)